Syllabus—Charge.

G. W. BAKER MACHINE COMPANY, a corporation of the State of Delaware, *vs.* AARON JEDEL, trading as THE A. JEDEL COMPANY.

EVIDENCE—ADMISSIBILITY—ACCOUNT BOOKS.

In an action for work and labor and materials in making alterations in a machine, plaintiff's account book, containing charges against defendant, was admissible in connection with all the other evidence, under *Rev. Code* 1852, amended to 1893, *p.* 799, *c.* 107, § 11, providing that a book of original entry, regularly and fairly kept, together with the oath or affirmation of plaintiff, shall be admitted to charge the defendant with the sum therein contained for goods sold and delivered and other matters properly chargeable in an account.

(*May* 25, 1911.)

Judges BOYCE and WOOLLEY sitting.

*Reuben Satterthwaite, Jr.*, for plaintiff.

*Charles B. Evans* and *T. Bayard Heisel* for defendant.

Superior Court, New Castle County, May Term, 1911.

ACTION OF ASSUMPSIT (No. 136, September Term, 1910), to recover the sum of two hundred and sixty-six dollars and eighty-six cents with interest from June 1, 1910, for work and labor done and materials furnished by the plaintiff for the defendant, in making alterations in a machine.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit brought by G. W. Baker Machine Company, the plaintiff, against the A. Jedel Company, the defendant, for the recovery of the sum of two hundred and sixty-six dollars and eighty-six cents with interest from the first day of June, A. D. 1910, as compensation for work and material alleged to have been done and furnished by the plaintiff for the defendant, at his special instance and request, in making changes and alterations in a certain machine, the character of which, as well as of the alterations, you have had detailed to you.

It is conceded by the plaintiff that the alterations made to the machine were undertaken and made as requested without any understanding or agreement with the defendant as to compensa-

tion therefor, and this action is based upon an implied promise to pay what the said work and materials necessary to make the alterations are reasonably worth.

When one does work and furnishes materials for another, at the instance and request of the latter, and no price or sum is agreed upon for the same, the person performing the service and supplying the materials is entitled to recover therefor whatever the same may be reasonably worth.

The defendant claims that, after explaining to the plaintiff the character of the changes which he desired to have made in the machine and the purpose for which the changes were to be made, the plaintiff engaged to make the alterations as suggested and stipulated that when made the machine would perform the work which it was intended it should do; but when the changes had been completed the machine was not adapted to the purpose intended and was useless for such purpose.

The plaintiff claims that the machine was brought to its shops for the purpose of having certain changes or alterations made therein, and that beyond the directions given by the defendant as to the character of the alterations which the defendant desired to be made in the machine, there was no agreement or understanding between it and the defendant, or any undertaking on its part, that the machine, when changed as suggested by the defendant, would do the work which the defendant believed it would do. The plaintiff denies that it agreed or made any warranty that the machine would, when changed as requested by the defendant, perform the work which the defendant designed it to do.

The main question for your determination from the evidence is whether the plaintiff agreed or made a warranty that it would convert the machine from its original purpose to another and different purpose, such as claimed by the defendant.

The plaintiff's book of original entries of its claim against the defendant has been admitted in evidence, and we have been requested to direct your attention to *Section* 11, *Chapter* 107, *Revised Code* 799, which provides that "a book of original entries regularly and fairly kept, shall, together with the oath, or affirmation, of the plaintiff, be admitted in evidence to charge the defendant with

. the sum therein contained for goods sold and delivered, and other matters properly chargeable in an account."

If you find from the evidence that the plaintiff did not make the warranty relied upon by the defendant, you should consider the plaintiff's book account in connection with all the other evidence in the case in reaching your verdict.

If you find from the evidence the plaintiff did agree with the defendant that the machine when altered would perform the work which the alteration was intended to accomplish and that when the plaintiff had made the alterations the machine would not do the work which it was intended it should do after the changes had been made, and that the defendant derived no benefit from the services and materials rendered and furnished by the plaintiff, your verdict should be for the defendant.

If, on the other hand, the plaintiff did not enter into the agreement, or make the warranty, as claimed by the defendant, but made the alterations in the machine as directed by the defendant in a skillful and proper manner, your verdict should be for the plaintiff for such reasonable sum as you find from the evidence the said work and materials were reasonably worth.

Your verdict should be for that party in whose favor the evidence preponderates.

Verdict for plaintiff.